1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHAW WENSEL,

11          Plaintiff,                    No. CIV S-07-0900 JAM EFB P

12      vs.

13   R. J. SUBIA, et al.,
                                          AMENDED ORDER AND
14          Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Currently pending is defendants' June 17, 2008, motion to dismiss.  In response,

18   plaintiff has filed an amended complaint.  For the reasons explained, the motion to dismiss is

19   moot.  Furthermore, the court recommends that defendants Hyland and Reaves be dismissed and

20   substitutes Fernando Gonzales, Warden of the California Correctional Institution, for defendant

21   Subia.

22          Until plaintiff filed a second amended complaint, this action proceeded on the September

23   14, 2007, first amended complaint in which plaintiff stated claims that all three defendants were

24   deliberately indifferent to his safety.  In response, defendants moved to dismiss on the ground

25   that plaintiff failed to state a claim for relief.  *See* Fed. R. Civ. P. 12(b).  Instead of filing an

26   opposition to defendants' motion, plaintiff requested leave to file an amended complaint.  Even

                                          1

1 though leave was not required because no answer was on file, *see* Fed. R. Civ. P. 15(a)(1),

2 the court granted the request.  Thus, on January 15, 2009, plaintiff filed a second amended

3 complaint.  Plaintiff's second amended complaint supersedes the prior complaints, which now

4 are treated as nonexistent.  *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956).

5 Therefore, defendants' motion to dismiss the first amended complaint is moot.

6       The court has reviewed the second amended complaint and finds that plaintiff states a

7 claim that prison officials were deliberately indifferent to his safety.  *See* 28 U.S.C.

8 § 1915A.  All defendants named in the first amended complaint, Subia, Hyland and Reaves, are

9 located at Mule Creek State Prison.  Defendant Subia is the warden there, Hyland is a

10 Correctional Counselor and Reaves is an Appeals Coordinator.  It has come to the court's

11 attention that plaintiff has been transferred from Mule Creek State Prison to the California

12 Correctional Institution.  *See* June 6, 2008, Notice of Change of Address, filed in Civ. S-08-1066

13 JAM/GGH.  Since plaintiff seeks only injunctive relief, i.e., an order directing that he not be

14 forced to live in dormitory-style housing and that all disciplinary reports and convictions for his

15 refusal to live in such housing be expunged from his central file, it appears that defendants

16 Subia, Hyland and Reaves cannot comply with any such order.  Therefore, Fernando Gonzales,

17 Warden of the California Correctional Institution, must be substituted for Warden Subia.  *See*

18 Fed. R. Civ. P. 25(d).  Furthermore, defendants Hyland and Reaves must be dismissed from this

19 action.

20       Accordingly, it is ORDERED that:

21       1.  Defendants' June 17, 2008, motion to dismiss is denied without prejudice to renewal

22 directed to the operative complaint; and,

23       2.  Defendant Gonzales has 30 days from the date of this order to file and serve a

24 response to the second amended complaint.

25 ////

26 ////

1       Further, it is hereby RECOMMENDED that defendants Hyland and Reaves be dismissed

2  from this action.

3       These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 15 days after

5  being served with these findings and recommendations, any party may file written objections

6  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

7  to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

8  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

9  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10  Dated:  February 2, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE